**STATE of Minnesota, Respondent,**

v.

**Christopher Paul CURTISS, Appellant.**

**No. C7–84–1056.**

Court of Appeals of Minnesota.

Aug. 21, 1984.

Hubert H. Humphrey, III State Atty. Gen., St. Paul, R. Kathleen Morris, Scott

County Atty., Patricia M. Buss Asst. Scott County Atty., Shakopee, for respondent.

C. Paul Jones, Minnesota State Public Defender, Susan K. Maki Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER, and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant Christopher Paul Curtiss was sentenced to 33 months in prison after pleading guilty to burglary. This sentence was at the lower end of the presumptive sentence under the Minnesota Sentencing Guidelines. On appeal he claims the trial court erred in not departing downward durationally. We remand.

## FACTS

While on probation, appellant entered a breezeway attached to a house and removed a case of beer. He was arrested shortly thereafter. Appellant pleaded guilty to burglary, in violation of Minn. Stat. § 609.582(1)(a) (Supp.1983).

At sentencing, the trial court denied appellant's request to depart downward durationally and impose only an 18 month sentence. After saying that there were no legitimate reasons for departure, the trial court imposed and executed a 33 month sentence, which was at the lower end of the 33–35 month range of the presumptive sentence under the guidelines.

## ISSUE

Did the trial judge err in failing to consider reasons for departure from the presumptive sentence?

## ANALYSIS

■ Presumptive sentences are to be applied "with a high degree of regularity." Comment II.D.03, Minn. Sentencing Guidelines. Only if the trial court finds substantial and compelling circumstances to depart

can it do so. *State v. Garcia*, N.W.2d 643 (Minn.1981); Sec. II.D, Sentencing Guidelines.

■ If departure is permissible due to compelling circumstances, the trial court "may" depart. On that choice it has "broad" discretion and an appellate court will "generally" not interfere. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981).

■ In the *Kindem* case the Minnesota Supreme Court observed its belief that "it would be a rare case which would warrant a reversal of the refusal to depart." *Id.* at 7. In that case the court affirmed non-departure due to its observation that there were "valid reasons" for non-departure as well as arguments for a downward departure. The trial court must explain in writing a decision to depart, but a written explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence. Sec. II.D, Sentencing Guidelines; Rule 27.-03(4)(C), Minn.R.Crim.P.

The threshold question is whether the case involves compelling circumstances for departure. Here the trial court found that it did not, that "there is no justifiable reason to deviate." Thus, the departure topic was abandoned before the trial court exercised its broad discretion, comparing reasons for and against departure.

The information before the trial court does not sustain its finding. Legitimate reasons for departure did exist. In fact, they were significant. The defendant was 18 years of age. He faced his first sentence to an adult correctional facility. His offense involved taking 16 bottles of beer from the breezeway of an occupied house, without other intrusion, barely within the scope of the serious charge of burglary in the first degree. His prior felony involved driving an older model pickup until it was out of gas. The trial judge noted: "I personally feel ... that 34 [sic] months may be too much."

There are other factors to be considered in the case, some of them supporting non-departure. The defendant had been adjudi-

cated on four acts of delinquency and had spent time in the state training school for juveniles. His prior felony offense occurred four months before the current unlawful act. His offense occurred within an hour after a telephone contact with his probation officer. The defendant has a serious alcohol problem which requires treatment.

The record suggests factors for departure which should be deliberately considered. The court erred in putting aside arguments for departure rather than considering them alongside "valid reasons" for non-departure. *State v. Kindem, Id.* This is not that rare case where we interfere with the exercise of discretion, but a case where the exercise of discretion has not occurred. Consideration of compelling circumstances is central to the scheme of the sentencing guidelines, and the practice will avoid sentencing that is either mechanical or callous.

## DECISION

The matter must be remanded for a hearing on sentencing and for reconsideration of the departure question.

Remanded for resentencing.