STATE of Minnesota, Respondent

v.

Vern Lewis MUDGETT, Appellant.

No. A06–2440.

Court of Appeals of Minnesota.

May 20, 2008.

Lori Swanson, Attorney General, and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; LANSING, Judge; and JOHNSON, Judge.

## OPINION

ROSS, Judge.

This appeal arises from Vern Mudgett's challenge to his conviction after he pleaded guilty to two counts of third-degree burglary. Mudgett argues that the district court abused its discretion when it failed to consider his request to withdraw his plea. Before his sentencing hearing, Mudgett moved the district court to depart downward from the presumptive sentence. At the hearing, he informed the court through counsel that he "would seek to withdraw" his guilty plea "if the court is not inclined" to grant his motion for a downward departure. The district court did not consider Mudgett's statements to constitute a proper motion to withdraw his guilty plea, and it sentenced him according to the terms of his plea agreement. Because the district court did not abuse its discretion when it treated Mudgett's comments as something

less than a pre-sentencing motion to withdraw his guilty plea, we affirm.

## FACTS

The facts underlying this dispute are simple. After Vern Mudgett entered two garages in St. Paul, stealing tools from one, the state charged him with two counts of third-degree burglary, and he agreed to plead guilty to both. His plea agreement contemplated two concurrent 45–month terms in prison, which he acknowledged was an appropriate sentence based on the sentencing guidelines. He admitted that factors warrant the lengthy sentence based on his criminal history and the nature of his previous convictions. He acknowledged that of his fourteen previous criminal convictions, five were felony burglaries, qualifying him as a career offender.

Despite the plea agreement, Mudgett moved the district court to impose a sentence that included a downward dispositional or durational departure from the presumptive sentence. While arguing at his sentencing hearing in support of a downward departure, Mudgett's attorney conditionally offered to make a plea-with-drawal motion, the contingency being whether the district court was leaning toward denying his departure motion: "Today [Mudgett] indicated to me that if the court is not inclined to depart in this matter either dispositionally or durationally, he would seek to withdraw his plea. I just ask to be heard on that in the event the court is not inclined to depart." The district court did not deem that statement to present a valid pre-sentencing motion to withdraw the plea. It responded that because the sentencing hearing had been continued several times, the court would sentence Mudgett and address an actual motion for plea withdrawal after one was filed.

The court then sentenced Mudgett to the presumptive sentence according to the terms of the plea agreement. Mudgett filed no post-sentencing motion to withdraw his plea, and he appeals.

## ISSUE

■ Did the district court abuse its discretion by failing to treat appellant's statements at his sentencing hearing as a pre-sentencing motion to withdraw his guilty plea?

## ANALYSIS

Mudgett's argument that the district court abused its discretion by failing to entertain arguments or otherwise consider his motion to withdraw his guilty plea fails for the basic reason that he made no motion to withdraw his plea.

Mudgett accurately frames the primary question: "As a threshold inquiry, this court must first determine whether appellant did indeed move the district court prior to sentencing for withdrawal of his plea such that the court would then have been obligated to exercise its discretion in accord with Minn. R.Crim. P. 15.05, subd. 2." Our answer to the question is, no. Mudgett asserts that he made a proper pre-sentencing motion to withdraw his plea, contending that the district court was bound to address his request to withdraw once the court "determined that *it was going to*" deny his motion for a downward sentencing departure. The state ignores the substantive issue and focuses only on whether the rules allow a defendant to make an oral motion to withdraw a guilty plea, and it contends that Mudgett was required to submit a written motion. *See* Minn. R.Crim. P. 32 ("A motion other than one made during a ... hearing shall be in writing unless the court or these rules permit it to be made orally."). We need not decide whether a motion must be writ-

ten because Mudgett's contingent request, written or not, did not require treatment as a pre-sentencing plea-withdrawal motion.

The rules do not specify any particular language required for a request to be a "motion," and ordinary definitions of the terms do not give much guidance. The rules provide only that "[a]n application to the court for an order shall be by motion." Minn. R.Crim. P. 32. A "motion" is simply a "written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary 1036 (8th ed. 2004). And an "application" is "a request or petition." *Id.* at 108. So in circular fashion, a motion is an application requesting court action, and an application is simply a request; then, a motion is a request that requests action. This clearly is not helpful.

At least in civil litigation, it has been said that an informal reference, such as a party's objection to a court order that is not accompanied by a specific application for relief, is not a motion. *Raughley v. Penn. R. Co.,* 230 F.2d 387, 391 (3rd Cir. 1956). But Mudgett's informal comments included a clear application for relief. Mudgett vaguely—but clearly enough to be understood—requested the district court to entertain argument on a pre-sentencing request to withdraw his guilty plea "*if*" the district court "*is not inclined*" to sentence Mudgett according to his formalized motion for a downward sentencing departure. So our decision as to whether Mudgett's request is the kind that must be treated as a motion under the rules depends on what the meaning of the word, "if," is.

We conclude that Mudgett's "if" justified the district court's decision not to entertain his conditional plea-withdrawal request. The "if" rendered his statement to be a contingent request asking the district court to consider the validity of his guilty plea on the condition that the district court was itself inclined to rule against Mudgett's pending sentencing motion. The triggering event for Mudgett's motion was the district court's own deliberations: *If* the district court was disinclined to grant, or was leaning away from granting, or was thinking disfavorably about, Mudgett's sentencing motion, *then* the district court was to avoid making any sentencing ruling based on that disinclination and to replace the pending motion with one that might invalidate Mudgett's underlying guilty plea altogether. He asked the district court to consider the replacement motion depending on the court's assessment of the likely outcome of the yet-undecided sentencing motion. So understood, Mudgett's request was not a motion that required district-court action.

■ Mudgett is correct that he has a right to a judicial ruling on an actual motion, see Minn.Stat. § 546.27, subd. 1(a) (2006) (providing that all motions submitted for decision shall be decided), but he fails to support the implied proposition that he also has the right to be informed of the court's extant analytical considerations, or of its inclination, before that ruling is made. The rules require the district court to inform the parties that it is considering departing from the presumptive sentence so that they may argue the appropriateness of the potential sentencing departure. Minn. R.Crim. P. 27.03, subd. 1(C). But after the parties have been heard regarding what sentence the court should impose, there is no rule requiring the district court to divulge its sentencing contemplations or inclination before it imposes the sentence. This is not to say that the rules prohibit a district court from disclosing its inclination regarding sentencing alternatives before imposing the sentence to allow a defendant to consider his options, including perhaps whether to make a pre-sentencing motion

to withdraw his guilty plea. But the rules do not require this disclosure. It stands to reason, therefore, that a defendant does not have the right to make the fashioning of a plea-withdrawal motion contingent on the district court's inclination to impose any particular sentence in response to a sentencing motion pending before the court.

Mudgett argues that the district court should have treated his statement at sentencing as a motion to "either grant a downward sentencing departure or, in the alternative, allow him to withdraw his plea." Taken out of context from the balance of his argument and from the actual procedural setting, this assertion might have been persuasive. If Mudgett had requested the district court to decide the sentencing motion first, for example, and then, assuming the court denied that motion by imposing the presumptive sentence, to entertain an alternative motion to withdraw his guilty plea, he would be in a position that is consistent with this argument. In that situation, the district court could treat the issues in their reasonable order: Once it imposed Mudgett's sentence, the court could then hear argument on his *post*-sentencing motion to withdraw his guilty plea. But his appellate brief consistently urges that the district court should have considered his plea-withdrawal motion as a *pre*-sentencing motion. It would seem that Mudgett seeks the benefit of a pre-sentencing motion framed in a post-sentencing setting, and the difference between the two is material.

The order of events is significant because, as we recently explained, the standard of proof to withdraw a guilty plea is lower for motions brought before sentencing than for those brought after sentencing. *Anderson v. State,* 746 N.W.2d 901 (Minn.App.2008). A defendant moving to withdraw his plea before sentencing may prevail merely on a showing that it would be "fair and just" to allow him to do so, but a defendant seeking to withdraw after sentencing must show a "manifest injustice." Minn. R.Crim. P. 15.05, subds. 1, 2. Mudgett's argument mistakenly implies that he was entitled to the benefit of the lower, pre-sentencing standard of proof for a plea-withdrawal motion depending essentially on the length or nature of his sentence. If this argument were persuasive, defendants could hedge their bets in their decisions to plead guilty, avoiding the risk of the higher standard of proof associated with post-sentencing plea-withdrawal motions. A perceptive defendant could then circumvent the more strenuous post-sentencing standard by entering a plea agreement that purports to accept a presumptive sentence but then bringing a contingent "motion" to withdraw the plea before sentencing predicated on a judicial forecast of the pending sentencing decision. Although defendants in plea negotiations might appreciate that extra protection against the risk of unfavorable sentencing, this approach is not contemplated by the applicable rules.

Mudgett contends that this court must follow the logic of *State v. Curtiss,* 353 N.W.2d 262 (Minn.App.1984), and remand so that he may argue for plea withdrawal under the pre-sentencing, fair-and-just standard. The analogy is not persuasive. In *Curtiss,* we determined that the district court abused its discretion because it failed to consider reasons offered for departing downward from the presumptive sentence. *Id.* at 263–64. Mudgett argues that the district court here similarly failed to apply any discretion by refusing to consider his motion to withdraw his plea. But the question in *Curtiss* was not whether the defendant presented an actual motion. And *Curtiss* offers no analysis concerning any of the issues that bear on our decision.

## D E C I S I O N

We hold that Mudgett's conditional request to withdraw his guilty plea, which was made contingent on the district court's inclination to rule a certain way on Mudgett's pending sentencing motion, was not a proper pre-sentencing plea-withdrawal motion that the district court was required to entertain. We therefore affirm Mudgett's conviction.

**Affirmed.**