*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1816**

State of Minnesota,
Respondent,

vs.

Robert Richard Doble,
Appellant.

**Filed April 6, 2015
Affirmed
Hudson, Judge**

Ramsey County District Court
File No. 62-CR-14-2091

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Elizabeth Lamin, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Hudson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

Appellant challenges his sentence for second-degree criminal sexual conduct, arguing that a dispositional departure was warranted. We affirm.

# FACTS

Respondent State of Minnesota charged appellant Robert Richard Doble with two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. The state brought the charges after M.D., appellant's then 15-year-old daughter, told the police that her father had been sexually abusing her. The complaint alleged that appellant would come into M.D.'s bedroom at night and touch her genital area. M.D. alleged that this touching progressed to digital penetration. M.D. reported that the assault occurred over several years and involved numerous incidents.

Appellant negotiated a plea agreement with the state. Pursuant to the agreement, appellant pleaded guilty to a charge of second-degree criminal sexual conduct in violation of Minn. Stat. § 609.343, subd. 1(h)(iii), and the state agreed to dismiss the remaining three counts. The district court accepted appellant's guilty plea and ordered a presentence investigation.

Appellant moved the district court for a downward dispositional departure. Appellant argued that he is amenable to probation, and that probation is "a more appropriate disposition than prison incarceration." Appellant asserted that he has no criminal history; "has been cooperative towards law enforcement and the judicial system"; "expressed his remorse and accepted responsibility for his actions"; "fully cooperated with the [presentence investigation] and provided an honest assessment of his role in this crime;" has not "minimized his behavior or blamed outside influences for his actions"; "has been accepted into the Project Pathfinder treatment program"; and "has

demonstrated a positive attitude to change in his life." Appellant submitted four letters of

support from his friends and one letter from his mother.

At the sentencing hearing, the state requested the district court impose the

presumptive guidelines' sentence of 90-months' imprisonment. The district court

indicated that it had the opportunity to review the presentence-investigation report and

the materials from appellant's psychosexual evaluation.[1] The district court heard oral

arguments from both parties, statements by M.D.'s mother and grandmother, a statement

from M.D. that was read into the record, and a statement by appellant. The district court

stated:

> I never make decisions in these types of cases until I actually
> get on the bench. And I want to hear from the people
> involved . . . . , from the attorneys, [a]nd also specially hear
> from you about how you're feeling about what happened
> here.
>
> . . . .

---

[1] We note that the psychosexual evaluation is part of the presentence report and investigation, which is not accessible to the public. *See* Minn. R. Pub. Access to Recs. of Jud. Branch 4, subd. 1(b)(2) (indicating that court services records gathered at the request of court "to assist in assigning an appropriate sentence" are not accessible to the public). Materials that are not available to the public in the course of proceedings in the district court remain under seal and are "not available to the public on appeal." Minn. R. Civ. App. P. 112.01, subd. 1. Counsel are required to file a separate confidential addendum, if they include documents filed under seal or are otherwise inaccessible to the public. Minn. R. Civ. App. P. 112.02. And they are required to "take reasonable steps to prevent the disclosure of confidential information" in their briefs and arguments to this court. Minn. R. Civ. App. 112.03. Both attorneys addressed the contents of the psychosexual evaluation in their briefs to this court, without seeking leave to file redacted (public) versions and unredacted (for this court's use) versions. *See* Minn. R. Civ. App. P. 112.03 2009 advisory comm. cmt. In this opinion, we will not disclose information that is not part of the public record of the proceedings in district court.

> And in this case I have been waiting for a justification on deviating from the guidelines. And I haven't gotten enough here . . . . Given the feelings, the impressions of the people, the effects on the victim in this case, on the duration of the commission of these offenses against your daughter, I just don't see that I have a basis to deviate from the guidelines.

The district court sentenced appellant to 90 months' incarceration. This appeal follows.

## DECISION

Appellant argues that the district court abused its discretion by denying his motion for a downward dispositional departure "where there was significant evidence of his amenability to probation." Specifically, appellant asserts that his "personal history, acceptance of responsibility, strong willingness to change, and amenability to community-based treatment made him an excellent candidate for a probationary sentence."

A district court has "great discretion" when sentencing a criminal defendant, and reversal of a refusal to departure is warranted only when there is an abuse of that discretion. *State v. Soto*, 855 N.W.2d 303, 307–308 (Minn. 2014). Under the Minnesota Sentencing Guidelines, the sentencing court must impose the presumptive sentence unless "there exist identifiable, substantial, and compelling circumstances" to depart. Minn. Sent. Guidelines II.D (2010). A district court must, however, acknowledge and consider reasons for departure rather than summarily dismissing them. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984). In determining whether a defendant is amenable to probation and appropriate for a dispositional departure, a district court can consider "[n]umerous factors, including the defendant's age, his prior record, his

4

remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982).

Appellant notes that (1) he is 37 years old and "had never been convicted of a crime"; (2) he admitted he was sick and expressed a strong desire to receive treatment for the issues that caused him to commit the offense; (3) the psychosexual evaluation indicates that he would be an appropriate candidate for outpatient, sex offender treatment; (4) he had been accepted into the Project Pathfinders treatment program; (5) the letters submitted by his friends and mother indicated that "the community would be best served by him receiving treatment, not a prison sentence"; and (6) that corrections did not oppose a probationary sentence.[2]

Even if these factors were to favor appellant, it would not follow that the district court abused its discretion by refusing to depart from the presumptive sentence. Indeed, our supreme court has explained that the mere fact that a mitigating factor is present in a particular case does "not obligate the court to place defendant on probation." *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984). When a district court imposes a presumptive sentence, we "may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (quotation omitted).

---

[2] Appellant argues that the state did not "oppose" a probationary sentence. But the record reflects that corrections recommended a presumptive sentence of 90-months' imprisonment, and the state similarly requested a presumptive sentence at the sentencing hearing.

Here, the district court heard oral arguments from both parties and received statements from appellant, M.D.'s mother and grandmother, and M.D. The district court reviewed the presentence investigation and the psychosexual evaluation. The district court stated that it took into account all of this testimony and information before making its decision, but that it could not conclude that the circumstances warranted a dispositional departure. The district court explained to appellant the bases for its decision not to depart. Thus, the district court did not abuse its discretion when it denied appellant's motion for a downward dispositional departure.

**Affirmed.**