*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1521**

State of Minnesota,
Respondent,

vs.

Duane Meredith Smith,
Appellant.

**Filed June 13, 2016
Affirmed; motion granted
Jesson, Judge**

Hennepin County District Court
File No. 27-CR-14-33501

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson,
Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Jesson,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**JESSON**, Judge

After pleading guilty to first-degree criminal sexual conduct, appellant Duane

Smith was sentenced to 100 months in prison, a downward durational departure. He

argues that the district court abused its discretion by denying his motion for a downward dispositional departure. We affirm.

**FACTS**

In November 2014, Smith was charged with one count of first-degree criminal sexual conduct. The complaint alleged that Smith, who was 61 years old, sexually assaulted his 13-year-old grandnephew. Smith was visiting from Texas, and his grandnephew was staying with him. They slept in the same bed. During the night, Smith pulled down the grandnephew's pants, touched his penis, and "sucked" on his penis for "like two minutes." The next morning, Smith apologized and told the victim that they should keep silent about what happened between them. The victim told Smith that he was going to tell his parents. Before he went back to Texas, Smith confessed the sexual assault to the victim's mother.

In May 2015, Smith pleaded guilty. In a pre-plea investigation, probation recommended the presumptive sentence of 144 months in prison. Smith admitted to probation that a number of years ago he had molested two of his nephews when they were approximately the same age as the victim in this case. The probation officer expressed concern about these prior assaults and statements by Smith minimizing his responsibility for the current offense. The probation officer was also skeptical of Smith's claim that, other than the current offense and the prior incidents involving his nephews, he had not sexually assaulted any children.

A psychosexual report was also completed. The report lists Smith's risk of reoffending as moderate. The report concludes that Smith is a "strong candidate" for sex

offender treatment. But the report also states reservations about this prognosis given "remaining questions as to the longevity and frequency of [Smith's sexually deviant] behaviors."

Prior to sentencing, Smith filed a motion for a downward dispositional departure or, in the alternative, a downward durational departure. At sentencing, the state requested the presumptive sentence. The state mentioned Smith's prior sex abuse of similarly aged family members and the impact of the offense on the victim and the victim's parents. Smith's attorney asked for a departure, noting that Smith had family support, that Smith told the victim's mother about his behavior, that Smith was abused as a child, and that Smith wanted help to address his issues.

The district court granted Smith's motion for a downward durational departure but denied his motion for a dispositional departure. The district court sentenced Smith to 100 months in prison, a 44-month downward durational departure. This appeal follows.

## DECISION

Under the Minnesota Sentencing Guidelines, the district court sentences an offender based on a presumptive sentencing range. Minn. Sent. Guidelines 2.D.1 (Supp. 2013). The district court must impose a sentence within that range unless substantial and compelling circumstances exist to depart. *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014).

There are two kinds of sentencing departures: durational and dispositional. Minn. Sent. Guidelines 2.D.1. The district court imposes a downward durational departure when it pronounces a shorter sentence than prescribed by the presumptive sentencing

range. *Deegan v. State*, 711 N.W.2d 89, 92 (Minn. 2006). The district court imposes a downward dispositional departure when the sentencing guidelines call for an executed prison term, and the district court instead stays a prison sentence and orders probation. *State v. Trog*, 323 N.W.2d 28, 30-31 (Minn. 1982). The district court "may depart from the presumptive disposition without departing from the presumptive duration, and vice-versa." Minn. Sent. Guidelines 2.D.1.a. Here, the district court granted Smith's motion for a downward durational departure but denied his motion for a downward dispositional departure and imposed the presumptive disposition of imprisonment.

A defendant's "'*particular* amenability to individualized treatment in a probationary setting'" supports a dispositional departure. *Soto*, 855 N.W.2d at 308 (quoting *Trog*, 323 N.W.2d at 31). *Trog* outlines the factors that may justify a dispositional departure and states that "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." 323 N.W.2d at 31. But the presence of one or more of these mitigating factors does not require the district court to depart. *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984).

Although the district court must give reasons for a departure, an explanation is not required when the court considers reasons for departure but imposes a presumptive sentence. *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). We afford the district court "great discretion" in sentencing and will reverse only for an abuse of that discretion. *Soto*, 855 N.W.2d at 307-08 (quotation omitted). "[A]s long as the record

shows the [district] court carefully evaluated all the testimony and information presented before making a determination," we will not interfere with the district court's exercise of discretion. *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (quotation omitted). We reverse a presumptive sentence only in rare cases. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

At Smith's sentencing, the district court noted that both the state and Smith made "some good points." The district court acknowledged that Smith had "taken responsibility early" and had spared the victim from testifying by pleading guilty. The district court determined, however, that "in a case as serious as this" Smith's acceptance of responsibility was not enough to warrant a dispositional departure. In denying the dispositional departure, the district court also noted that Smith had admitted to sexually abusing other children. In granting Smith's motion for a durational departure, the district court pointed to the fact that Smith was abused as a child and said that this led to mental health issues that make "the offense less serious."

Smith argues that he is particularly amenable to probation and that the district court abused its discretion by denying the dispositional departure. Smith cites the following factors as evidence of his amenability to probation: he was in his sixties at the time of the offense and had no criminal-history score; he showed remorse and accepted responsibility for his crime; he presented letters from two of his sisters showing that he had family support; he recognized his problem and was committed to getting treatment; and he was a "strong candidate" for sex offender treatment. In addition, Smith points to statistics showing that 66% of offenders with no criminal history score who are sentenced

5

for first-degree criminal sexual conduct receive a dispositional departure. Smith also points out that the district court recognized the existence of grounds for departure and did not make a specific finding that he was unamenable to probation.

Smith's arguments are without merit. The presence of grounds for departure does not require the district court to depart. *Wall*, 343 N.W.2d at 25. Moreover, the district court acted within its discretion by rejecting Smith's statistical argument. The district court considered both parties' evidence and arguments, stating that both sides had made "good points." By noting that Smith had taken responsibility, spared the victim by pleading guilty, and had mental health issues, the district court showed that it considered Smith's position and possible departure grounds. Although the district court did not make an explicit finding that Smith was unamenable to probation, the district court need not state its reasons for imposing the presumptive disposition. *Van Ruler*, 378 N.W.2d at 80. The record merely needs to show that the district court carefully considered all the information presented before making its decision. *Pegel*, 795 N.W.2d at 255.

Furthermore, the district court did note the reasons it chose not to grant Smith's motion for a dispositional departure. The district court determined that, due to the seriousness of the offense and Smith's admitted prior victimization of similarly aged family members, a dispositional departure was not appropriate. The district court implied that it believed Smith was not particularly amenable to treatment in a probationary setting, in part, because his prior, uncharged conduct showed he was at risk to reoffend. Our supreme court has indicated that the seriousness of the offense and the risk to public safety are appropriate considerations when addressing a motion for a downward

6

dispositional departure. *Soto*, 855 N.W.2d at 313. The district court's position regarding Smith's prior sexual assaults was supported by the psychosexual evaluation and the probation officer's recommendation, which indicated concerns about this prior conduct and the possibility that Smith had a higher risk of reoffending than his criminal history showed.

Smith cites to *State v. Mendoza* and *State v. Curtiss* in support of the proposition that when reasons for departure exist the district court must "deliberately" compare them "side-by-side" with reasons for non-departure. *Mendoza*, 638 N.W.2d 480, 483-84 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002); *Curtiss*, 353 N.W.2d 262, 263-64 (Minn. App. 1984). These cases generally support this proposition but are not comparable to the instant case. In both *Mendoza* and *Curtiss*, remand was necessary because the district court failed to exercise its discretion by ignoring factors that supported departure. *Mendoza*, 638 N.W.2d at 484; *Curtiss*, 353 N.W.2d at 264. Unlike *Mendoza* and *Curtiss*, the district court in this case identified factors that favored departure and factors that favored non-departure. The district court exercised its discretion by weighing those factors and deciding to reject Smith's motion.

The record shows that the district court carefully evaluated the information presented by the parties prior to making its determination. The district court did not abuse its discretion by denying Smith's motion for a downward dispositional departure.[1]

**Affirmed; motion granted.**

---

[1] Smith filed a late pro se supplemental brief together with a motion to accept the late brief. Smith's motion is granted. We have reviewed and considered Smith's pro se brief. As it does not raise any new legal issues and simply presents Smith's version of the facts, the pro se brief does not affect our analysis.