*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0692

State of Minnesota,
Respondent,

vs.

John Chester Hageman, Jr.,
Appellant.

**Filed May 6, 2024**
**Affirmed**
**Klaphake, Judge**[*]

Anoka County District Court
File No. 02-CR-21-5396

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Robert I. Yount, Carl E. Erickson, Assistant Anoka County Attorneys, Anoka, Minnesota, (attorneys for respondent)

Cathryn Middlebrook, Chief Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (attorneys for appellant)

Considered and decided by Cochran, Presiding Judge; Johnson, Judge; and

Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KLAPHAKE**, Judge

Appellant John Chester Hageman, Jr. appeals his sentence of 216 months for his conviction of second-degree criminal sexual conduct. At his sentencing hearing, the district court granted the state's motion for an upward durational departure, finding that the victim's particular vulnerability provided substantial and compelling reasons for the departure. We affirm.

## DECISION

On appeal, Hageman argues that the district court's articulated bases for the upward durational departure were actually elements of the offense and were not related to the victim's particular vulnerability. He also argues that the district court failed to exercise its discretion in sentencing him.

### I. Upward Departure

Hageman first argues that the district court abused its discretion by sentencing him to "a double upward departure."

A district court may grant a departure from the sentencing guidelines when "there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent'g Guidelines 2.D.1 (Supp. 2021). The district court has discretion to impose an upward sentencing departure when aggravating circumstances are present, and we review the district court's decision for an abuse of that discretion. *State v. Meyers*, 853 N.W.2d 819, 822 (Minn. App. 2014), *aff'd*, 869 N.W.2d 893 (Minn. 2015). An upward durational departure may be based on offense-related aggravating factors. *State v. Chaklos*, 528

N.W.2d 225, 228 (Minn. 1995). "When determining whether to depart, the district court must consider whether the defendant's conduct was significantly more or less serious than that typically involved in such crimes." *State v. Mohamed*, 779 N.W.2d 93, 97 (Minn. App. 2010), *rev. denied* (Minn. May 18, 2010). The presence of a single aggravating factor supports a departure from the presumptive sentence. *Dillon v. State*, 781 N.W.2d 588, 599 (Minn. App. 2010), *rev. denied* (Minn. July 20, 2010). We will reverse if the district court's reasons for an upward departure are improper or inadequate and the evidence in the record is insufficient to justify the departure. *State v. Jackson*, 749 N.W.2d 353, 357 (Minn. 2008).

A victim's particular vulnerability at the time an offense is committed is an aggravating factor a district court may consider when deciding to depart upward from a presumptive sentence. Minn. Sent'g Guidelines 2.D.3.b(1) (Supp. 2021). That a victim is particularly vulnerable must be known to the defendant at the time of the offense and the vulnerability must result from a victim's "age, infirmity, . . . reduced physical or mental capacity," or another compelling, relevant factor. *Id.*; *see also State v. Rabold*, 935 N.W.2d 902, 906 (Minn. App. 2019) (quoting Minn. Sent'g Guidelines 2.D.3.b(1) and adding that "'[b]ecause the guidelines' list is nonexclusive, Minnesota courts have expanded 'particular vulnerability' to non-listed grounds to warrant an upward departure'").

A defendant "has a Sixth Amendment right to a jury determination of the existence beyond a reasonable doubt of any fact, except the fact of a prior conviction, that increases the sentence above this maximum." *State v. Hagen*, 690 N.W.2d 155, 158 (Minn. App. 2004) (citing *Blakely v. Washington*, 542 U.S. 296, 301 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Before the district court "accepts an admission of facts in

3

support of an aggravated sentence," a defendant must explicitly waive the right to a trial by a jury or a judge of the facts in support of an aggravated sentence. Minn. R. Crim. P. 15.01, subd. 2(6)(c). Here, Hageman waived his right to a *Blakely* hearing.

The district court found that "the victim was particularly vulnerable in that she was part of the [c]hild[-][p]rotection process by virtue of her mother and her stepdad's actions" and because of her previous sexual abuse by her stepdad. The district court further found that Hageman knew of her vulnerability: "Hageman clearly knew that she had been a victim, had been victimized over and over by her stepdad, and, in fact, reiterated that to the police department when he was being interviewed." The record supports the district court's findings. It is undisputed that the victim was in the child-protection process. Indeed, Hageman was only awarded custody of the victim—his biological daughter—as a result of her stepdad's sexual abuse. And Hageman made statements to law enforcement acknowledging the victim's vulnerability: "[The victim] shouldn't go back into foster care. She shouldn't go back into foster care because she's been previously the victim of criminal sexual conduct behavior."

Hageman argues that the district court's departure decision was an abuse of discretion because even though the district court found the victim's "particular vulnerability" was grounds for departure, its "primary rationale" was his "abuse of his significant relationship to the victim by virtue of being her father," and "the fact that the offense involved multiple acts" over "many years." He argues that, because these are elements of the offense, they are an improper basis for departure. According to Hageman, "in articulating its rationale," the district court "focuse[d] on the elements of the offense

4

and [did] not articulate any rationale for the sentence that is tied to substantial and compelling reasons for the departure."

Section 609.343, subdivision 1a provides:

> A person who engages in sexual contact with anyone under 18 years of age is guilty of criminal sexual conduct in the second degree if any of the following circumstances exists:
>
> . . . .
> (h) the actor has a significant relationship to the complainant, the complainant was under 16 years of age at the time of the sexual contact, and:
>> (i) the actor or an accomplice used force or coercion to accomplish the contact;
>> (ii) the complainant suffered personal injury; or
>> (iii) the sexual abuse involved multiple acts committed over an extended period of time.

Minn. Stat. § 609.343, subd. 1a(h) (Supp. 2021).

Hageman points to several comments from the district court that he contends show it relied on the elements of the offense in granting the departure, and not on the victim's particular vulnerability. Hageman notes the district court stated that he mentally manipulated the victim over time to create a "romantic relationship perception . . . as if they were not dad and daughter." He also notes the district court stated Hageman abused the victim "over and over again multiple times over a period of over 4 years. We're not talking about one act here." While Hageman is correct in asserting these two statements relate to the elements of the offense, the balance of the district court's statements demonstrates its decision to depart was based on finding substantial and compelling reasons, specifically that the victim's particular vulnerability was an aggravating factor.

5

The district court noted that Hageman, "instead of directing [the victim] to receive additional therapy or preventing that cycle of abuse, . . . perpetuated that cycle of abuse." The district court also noted that Hageman "did not want to . . . have the victim put in [c]hild [p]rotection services because she was a victim. He knew that [the abuse] was wrong." The district court further stated that Hageman "continued to re-victimize an already vulnerable victim." These statements are sufficient to show the district court's departure decision was based on the victim's particular vulnerability.

Hageman also contends the district court's statement,

> "[h]e was not being a father. . . . Instead, he created a situation where he took the victim and made it appear to her that that behavior was consistently normal. . . . Instead of directing her to receive additional therapy or preventing that cycle of abuse, he perpetuated that cycle of abuse[,]"

demonstrates that the district court made its decision to grant the departure based on the "significant relationship" element of the offense. Yet, the district court's reference to Hageman "perpetuating that cycle of abuse" shows that the court was considering the victim's particular vulnerability. Moreover, the district court's statement as it was quoted in Hageman's brief and reproduced above, omits crucial context from the court's remarks. In full, the court stated that "[Hageman] took the victim and made it appear to her that behavior was consistently normal because she had already been through that in a prior relationship with her stepfather." When put in context, the court was clearly addressing the victim's vulnerability.

Because the district court relied on the victim's particular vulnerability in granting an upward durational departure, we discern no abuse of discretion.

6

## II. Use of Discretion

Hageman next argues that "even if an upward departure based on [the victim's particular vulnerability] was within the court's discretion, a review of the record indicates absolutely no analysis of the propriety of the 216-month sentence." He asserts that the transcript shows the district court did not "[think] about the appropriate length of the sentence," but rather "treated the . . . departure [motion] as a binary question." Hageman further argues that the district court did not "actually exercise [its] discretion."

If an exercise of discretion has not occurred, the case must be remanded. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984). Here, the district court considered the arguments for and against an upward departure, including oral arguments by the parties' attorneys, three victim-impact statements, and a brief statement by Hageman. The district court also "thoroughly reviewed [Hageman's] psychosexual evaluation" and the pre-sentence investigation. The district court then granted the upward departure and pronounced the sentence. The record therefore establishes that the district court exercised its discretion.

## III. Pro Se Arguments

Hageman filed pro se supplemental briefing in which he detailed sexual assault and abuse that happened to him as a child, which "played a role in what [he] believed to be normal." Hageman disagreed with the state basing their upward departure request on his knowledge of the victim's vulnerability because he "didn't see [the victim] as vulnerable." He states he did "understand the relationship with [the victim] and [her stepfather] was

wrong because he was not family" but that he "thought [his own] relationship with [the victim] was ok because [he] was family."

The district court explicitly acknowledged Hageman's past sexual abuse as a child, stating, "I understand that Mr. Hageman, himself, has been a victim of abuse, that is not unusual and it's—it's very sad for the Court to hear that." The district court nevertheless acted within its discretion to grant the upward departure anyway. Hageman's pro se arguments are therefore unpersuasive.

**Affirmed.**