**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-1971**

State of Minnesota,
Respondent,

vs.

Claude Riley Crockson, Jr.,
Appellant

**Filed September 22, 2014**
**Affirmed in part, reversed in part, and remanded**
**Worke, Judge**

Ramsey County District Court
File No. 62-CR-13-1922

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Andrew R.K. Johnson, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, David W. Merchant, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Harten, Judge.[*]

**S Y L L A B U S**

A person who enters or remains in an apartment, after being asked to leave by a person who has been granted lawful possession of the apartment by the legal occupant, is guilty of first-degree burglary.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

# OPINION

**WORKE**, Judge

Appellant challenges his convictions of two counts of aiding and abetting first-degree burglary and two counts of second-degree assault involving multiple victims, arguing that: (1) the evidence was insufficient to support the burglary convictions; (2) the district court erred by making formal adjudications of guilt on both burglary convictions; and (3) the evidence was insufficient to support imposition of a mandatory minimum sentence on the assault convictions. In a pro se brief, appellant also challenges the district court's authority to permit amendment of the criminal complaint to include a mandatory minimum sentencing provision. While the evidence was sufficient to support the burglary convictions, the district court erred by adjudicating guilt on both convictions when they arose from the same course of criminal conduct. Therefore, we affirm in part, reverse in part, and remand. Moreover, we also reverse appellant's assault sentences because the evidence was insufficient to support imposition of mandatory minimum sentences, and remand for resentencing on those convictions. Finally, we determine that the challenge to the court's authority to permit amendment of the complaint is moot.

## FACTS

T.C., who suffers from Parkinson's disease and is confined to a wheelchair, was inside her St. Paul apartment on March 8, 2013, when she heard a knock on the door. At the time, C.C. and D.H. were also living at the apartment. C.C. answered the door, and appellant Claud Riley Crockson, Jr. entered the apartment with three juveniles.

2

An argument ensued between C.C. and Crockson because Crockson insisted that C.C. had not given him the correct personal identification number (PIN) for a cell phone C.C. sold to Crockson the previous day. Eventually, C.C. ordered Crockson and the juveniles to leave, but Crockson refused. One of the juveniles pulled out a revolver and handed it to Crockson, who held it to C.C.'s head and ordered the three apartment residents to sit on a couch.

Continuing to demand the PIN from C.C., Crockson directed the juveniles to assault D.H. They punched and kicked D.H. and held a razor to his neck, and Crockson hit D.H. in the head repeatedly with the revolver. Crockson told T.C. that they would not harm her, and the juveniles placed her in a bedroom. Crockson and the juveniles then ordered C.C. and D.H. to go into the bathroom one at a time, where Crockson said that he was going to kill them. C.C. broke free and ran into the bedroom, but the juveniles kicked in the door. When C.C. began to overpower the juveniles, Crockson announced that it was time to leave. Crockson was charged with two counts of aiding and abetting first-degree burglary and three counts of second-degree assault.

Near the end of the jury trial, due to a mistake in the criminal complaint, the district court permitted the complaint to be amended to correct the statutory citation to a mandatory minimum sentencing provision. The complaint originally alleged that Crockson should be subject to an enhanced sentence for the assaults under Minn. Stat. § 609.11, subd. 5(b) (2012) (sentencing provision for crime of felon in possession of a firearm), rather than Minn. Stat. § 609.11, subd. 5(a) (2012) (sentencing provision for

second or subsequent offense involving a firearm). Because Crockson has a prior assault conviction that involved a firearm, the latter statute was applicable.

However, while Crockson stipulated to having a prior assault conviction, the state established only that the prior assault conviction involved a "dangerous weapon" and did not offer proof that it involved a "firearm." A jury found Crockson guilty of the two burglary charges and two of the three assault charges.

The district court adjudicated Crockson guilty of both burglary offenses and imposed a sentence of 95 months only on the first count because the burglary offenses involved the same course of criminal conduct. The district court also imposed 60-month concurrent sentences on the assault convictions, to be served consecutively to the burglary sentence. This appeal followed.

## ISSUES

1. Was the evidence sufficient to prove that C.C. was in lawful possession of T.C.'s apartment at the time of the burglaries?

2. Did the district court's formal adjudication of guilt on both burglary offenses violate Minn. Stat. § 609.04, subd. 1 (2012)?

3. Should the mandatory minimum sentences on the assault convictions be vacated because the state failed to prove that Crockson's prior assault conviction involved a firearm?

4. Did the district court err by permitting amendment of the complaint during trial?

4

**ANALYSIS**

In reviewing a sufficiency-of-evidence claim, this court thoroughly examines the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict they did. *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012). This court determines whether legitimate inferences drawn from the record would permit the jury to conclude that the defendant was guilty beyond a reasonable doubt. *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012). We "assume that the jury believed all of the state's witnesses and disbelieved any evidence to the contrary." *State v. Chambers*, 589 N.W.2d 466, 477 (Minn. 1999). We will not alter a verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004). "Reversal is proper if facts proving an essential element of the offense are left more to conjecture and speculation than to reasonable inference . . . ." *State v. DeRosier*, 695 N.W.2d 97, 108 (Minn. 2005).

***Burglary convictions and sentences***

A person commits first-degree burglary when he or she "enters a building without consent and with intent to commit a crime . . . [and] possesses . . . in the building . . . a dangerous weapon" or "assaults a person within the building . . . ." Minn. Stat. § 609.582, subd. 1(b), (c) (2012). "[W]ithout consent" means either entering or remaining in a building "without the consent of the person in lawful possession." Minn. Stat. § 609.581, subd. 4(a), (c) (2012); *see State v. Totimeh*, 433 N.W.2d 921, 924 (Minn.

App. 1988) (ruling that "failure to comply when told to leave several times" was violation of burglary statute), *review denied* (Minn. Feb. 22, 1989).

Crockson argues that the evidence is insufficient to establish that C.C., who both permitted Crockson and the juveniles to enter T.C.'s apartment and later ordered them to leave, had authority to give or revoke consent because she was not in "lawful possession" of the apartment. "Lawful possession" is not defined in the burglary statute, but *State v. Spence* defines it to mean "a person who has a legal right to exercise control over the building in question[,] [which] . . . necessarily includes the right to consent to the entry of others into that building." 768 N.W.2d 104, 109 (Minn. 2009). The definition in *Spence* does not require an ownership interest in the building but does require more than mere presence in the building, which would include a trespasser. *Id*. at 108. The court in *Spence* notes that the definition it applies to "lawful possession" "is consistent with other jurisdictions that hold it is not title to property, but the occupancy or possession of property at the time the offense was committed[] that determines whether one can be liable for burglary." *Id.* at 110 n.5.

We are satisfied that the state proved that C.C. was in lawful possession of the apartment when Crockson and the juveniles knocked on T.C.'s apartment door. C.C. testified that she was living at T.C.'s apartment, and D.H. testified that the apartment belonged to T.C. but that he and C.C. were "staying there at that time." T.C. testified only that C.C., not she, let the intruders enter the apartment, and that she "had no choice" in C.C.'s decision to invite them in. T.C.'s testimony does not contradict C.C.'s or D.H.'s testimony about their right to occupy the apartment, and the evidence, viewed in

6

the light most favorable to the jury verdict, supports the jury's determination that C.C. and D.H. were in lawful possession of the apartment because they had T.C.'s permission to live there. Thus, C.C. had the authority to both permit Crockson and the juveniles to enter the apartment and to order them to leave. On these facts, the evidence was sufficient to uphold Crockson's aiding and abetting burglary convictions.

As to the burglary offenses, Crockson and the state agree that the district court erred by formally adjudicating Crockson guilty and entering convictions on both burglary counts because they arose during the same course of criminal conduct. Appellate courts "have consistently held that [Minn. Stat. §] 609.04 bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985); *State v. Spears*, 560 N.W.2d 723, 726-27 (Minn. App. 1997), *review denied* (Minn. May 28, 1997) (prohibiting multiple convictions for violating multiple provisions of a statute by commission of a single criminal act). The supreme court has adopted the following procedure to preserve the jury's guilty verdict on the non-adjudicated conviction:

> We hold that the proper procedure to be followed by the [district] court when the defendant is convicted on more than one charge for the same act is for the court to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated for a reason not relevant to the remaining unadjudicated conviction(s), one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed, with credit, of course, given for time already served on the vacated sentence.

*State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984). Thus, we remand with instructions to the district court to vacate the formal adjudication of guilt on one of Crockson's burglary convictions and to leave the guilty verdict in place on that unadjudicated conviction.

### Assault convictions

Crockson next argues that his sentences for the assault convictions should be vacated and the case should be remanded for resentencing because the district court imposed a mandatory minimum sentence without adequate proof that his prior assault conviction was accomplished with a firearm. Minn. Stat. § 609.11, subd. 5(a) states that "[a]ny defendant convicted of a second or subsequent offense in which the defendant . . . had in possession or used a firearm shall be committed to the commissioner of corrections for not less than five years . . . ." The district court asked Crockson whether he had previously been found guilty "of assault in the second degree with a dangerous weapon . . . ." No other evidence was offered to show that the "dangerous weapon" was a "firearm." As not all dangerous weapons are firearms, *see, e.g., State v. Slaughter*, 691 N.W.2d 70, 75-76 (Minn. 2005) (concluding that knife-like object is a dangerous weapon), the record is inadequate to support imposition of the mandatory minimum sentence under section 609.11, subdivision 5(a). We therefore reverse and remand for resentencing on the assault convictions.

### Amended complaint

Finally, in his pro se supplemental brief, Crockson appears to argue that the district court erred by permitting the complaint to be amended at trial to enable Crockson

8

to be sentenced under Minn. Stat. § 609.11, subd. 5(a). Because we have already concluded that the evidence was insufficient to support imposition of a mandatory minimum sentence under this provision, this issue is moot. *See Obermoller v. Fed. Land Bank of St. Paul*, 409 N.W.2d 229, 230-31 (Minn. App. 1987) (defining an issue as moot when a determination of the issue "would make no difference in respect of the controversy on the merits"), *review denied* (Minn. Sept. 18, 1987).

## D E C I S I O N

We affirm Crockson's burglary convictions but remand for resentencing in accordance with *LaTourelle*. We also reverse and remand for resentencing on Crockson's assault convictions for imposition of sentences that exclude the mandatory minimum sentence provided for under Minn. Stat. § 609.11, subd. 5(a).

**Affirmed in part, reversed in part, and remanded.**