*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1191**

State of Minnesota,
Respondent,

vs.

Yahye Elmi Abdisalan,
Appellant.

**Filed November 28, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-12-7607

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal following a trial to the court, appellant argues that (1) his conviction

of first-degree burglary must be reversed because the evidence was insufficient to show

that he committed an assault within the building, and (2) his conviction of fourth-degree criminal sexual conduct must be reversed because the evidence was insufficient to show that the sexual contact was accomplished by force or coercion. We affirm.

## FACTS

I.H., who was 17 years old, and her sister S.H., who was 15 years old, shared a bedroom on the second floor of their family's apartment in Minneapolis. Early on a December morning, I.H. awoke when she felt someone touching her thighs. There was light coming in from the street, and I.H. could see a man with a beard. The man spoke in Somali and English,[1] and he told I.H. that he was her brother's friend, but she knew that was not true. The man then touched I.H.'s breasts over her clothing and made statements that indicated that he wanted to have sex with her. To dissuade the man from further actions, I.H. acted "like maybe something was wrong with me mentally [so] that he would just leave me alone." Her strategy worked; the man pulled down his pants, exposed himself, and then went and sat on her sister's bed. While the man was preoccupied with her sister, I.H. sneaked out of the room to get help.

S.H. awoke when she heard a man's voice in the bedroom. The man sat at the foot of her bed. He pulled the sheets off her, touched her leg, and took off her underwear. S.H. testified that she "tried to hold [her] legs tight, but he is too strong and he eventually takes them off." The man then touched her vagina with his hand and his mouth, and she "was

---

[1] I.H. understood both Somali and English.

2

scared and terrified for [her] life." During the assault, S.H. "begged him to stop but he wouldn't."

Meanwhile, I.H. went to her parents' bedroom, but, because she was "wasn't able to breathe," she could not tell them about the intruder. I.H.'s mother initially thought that I.H. was having an allergic reaction, and she went into her daughters' bedroom to look for medicine. She and her husband became aware of the intruder when I.H. was able to say the word "man" in Somali. The man ran out of the apartment as the girls' mother approached their bedroom, and he left behind a ski mask and pair of gloves.

Using physical evidence from the apartment, police linked appellant Yahye Elmi Abdisalan to the offenses, and he was charged by indictment with first-degree burglary, and first- and second-degree criminal sexual conduct. At Abdisalan's bench trial, the state introduced DNA evidence that linked Abdisalan to the hat and gloves left at the scene and to S.H. There was also evidence that Abdisalan's fingerprints, which include a distinctive mark from a scar, matched prints found at the apartment.

The district court found Abdisalan guilty of first-degree burglary. But, because the district court found that the evidence was insufficient to prove that I.H. and S.H. were in "reasonable fear of imminent great bodily harm," it found Abdisalan not guilty of first- and second-degree criminal sexual conduct. Instead, the district court found Abdisalan guilty of the lesser included offenses of third-degree criminal sexual conduct, for the offense against S.H., and fourth-degree criminal sexual conduct, for the offense against I.H. The district court sentenced Abdisalan as an engrained offender under Minn. Stat. § 609.3455, subd. 3a (2008), and imposed an executed sentence of 88 months for the burglary offense,

3

and sentences of 120 months and 180 months for the criminal-sexual-conduct offenses. The sentences for the sex offenses were ordered to be served concurrent to each other and consecutive to the sentence for the burglary offense. Abdisalan appeals, challenging the sufficiency of the evidence to support his convictions.

## DECISION

In reviewing a challenge to the sufficiency of the evidence, an appellate court "review[s] the evidence to determine whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, [the fact-finder] could reasonably conclude that the defendant was guilty of the offense[s] charged." *State v. Robertson*, 884 N.W.2d 864, 871 (Minn. 2016) (quotation omitted); *see State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011) (stating that same standard of review applies in bench trials and in jury trials when evaluating sufficiency of the evidence). This court will not overturn a guilty verdict "if the [fact-finder], acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could have reasonably concluded that the defendant was guilty of the charged offense." *State v. Crockson*, 854 N.W.2d 244, 247 (Minn. App. 2014), *review denied* (Minn. Dec. 16, 2014). This court "defer[s] to the fact-finder's credibility determinations and assume[s] that the fact-finder disbelieved any evidence that conflicted with the verdict." *State v. Barshaw*, 879 N.W.2d 356, 366 (Minn. 2016) (quotation omitted).

# I.

Appellant argues that the evidence of first-degree burglary was insufficient because it did not prove that he committed an assault within the building. First-degree burglary is defined as follows:

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the first degree . . ., if . . . the burglar assaults a person within the building or on the building's appurtenant property.

Minn. Stat. § 609.582, subd. 1(c) (2008). "Assault" is defined as: "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02, subd. 10 (2008); *see State v. Holmes*, 778 N.W.2d 336, 341 (Minn. 2010) (approving application of assault definition under Minn. Stat. § 609.02, subd. 10, for first-degree burglary offense charged under Minn. Stat. § 609.582, subd. 1(c)). "Bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02, subd. 7 (2008). "'With intent' to . . . means that the actor either has a purpose to do the thing or cause the result specified or believes that the act, if successful, will cause that result." Minn. Stat. § 609.02, subd. 9(4) (2008).

Appellant argues that neither fear assault nor harm assault was proved beyond a reasonable doubt. The district court concluded that, because appellant committed sexual assaults within the premises, he was guilty of first-degree burglary. The district court did not make a factual finding about appellant's intent. But, under Minn. R. Crim. P. 26.01,

subd. 2(e), in a case tried without a jury, "[i]f the court omits a finding on any issue of fact essential to sustain the general finding [of guilty], it must be deemed to have made a finding consistent with the general finding." *See also State v. Holliday*, 745 N.W.2d 556, 562-63 (Minn. 2008) (stating that district court is "deemed to have made a specific finding of premeditation in light of its conclusion of law that appellant acted with premeditation and its general finding that appellant is guilty of first-degree premeditated murder"). Therefore, because the district court made a general finding that appellant was guilty of first-degree burglary, the court must be deemed to have made a finding that appellant (1) acted with intent to cause fear of immediate bodily harm or death or (2) intentionally inflicted or attempted to inflict bodily harm.

We agree with appellant that the evidence was insufficient to prove that he intentionally inflicted or attempted to inflict any physical pain or injury, illness, or any impairment of physical condition on either victim. Both I.H. and S.H. testified that they did not suffer any physical injury. But we do not agree that the evidence was insufficient to prove that appellant acted with intent to cause fear of immediate physical pain or injury.

Because intent is a state of mind, it is generally proved circumstantially "by drawing inferences from the defendant's words and actions in light of the totality of the circumstances." *State v. Cooper*, 561 N.W.2d 175, 179 (Minn. 1997). A fact-finder "may infer that a person intends the natural and probable consequences of his actions and a defendant's statements as to his intentions are not binding on the [fact-finder] if his acts demonstrated a contrary intent." *Id*.

6

We apply an elevated, two-step process in reviewing a conviction based on circumstantial evidence. *State v. Nelson*, 812 N.W.2d 184, 188 (Minn. App. 2012). "The first step is to identify the circumstances proved." *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). In doing so, we "defer to the [fact-finder's] acceptance of the proof of these circumstances and rejection of evidence in the record that conflicted with the circumstances proved by the State." *Id*. at 598-99 (quotation omitted). Second, we "examine independently the reasonableness of all inferences that might be drawn from the circumstances proved" to "determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis other than guilt, not simply whether the inferences that point to guilt are reasonable." *Id*. at 599 (quotations omitted). "We give no deference to the factfinder's choice between reasonable inferences." *Id*. (quotation omitted).

The circumstances proved are that appellant entered the bedroom of two teenage girls who did not know him while the girls slept. He woke one of the girls by touching her thighs and then touched her breasts, expressed his desire to have sex with her, and exposed himself to her. He then went to the other girl's bed, touched her leg, removed her underwear, and molested her while she begged him to stop. Under these circumstances, a natural and probable consequence of appellant's actions was to cause both girls to fear immediate physical pain or injury, and the hypothesis that appellant did not believe that his actions would cause such fear is not rational. The evidence of fear assault was sufficient to permit the district court to reasonably conclude that appellant was guilty of first-degree burglary.

7

**II**.

Appellant next argues that because respondent "failed to prove beyond a reasonable doubt that [a]ppellant used force or coercion to accomplish the sexual contact of I.H., his conviction for fourth-degree criminal sexual conduct must be reversed." Fourth-degree criminal sexual conduct is committed if "[a] person . . . engages in sexual contact with another person" and "the actor uses force or coercion to accomplish the sexual contact." Minn. Stat. § 609.345, subd. 1(c) (2008).

> "Coercion" means the use by the actor of words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm on the complainant or another, or the use by the actor of confinement, or superior size or strength, against the complainant that causes the complainant to submit to sexual penetration or contact against the complainant's will. Proof of coercion does not require proof of a specific act or threat.

Minn. Stat. § 609.341, subd. 14 (2008).

As we have already discussed, it is not rational to believe that I.H. would not fear bodily harm under the circumstances surrounding appellant's sexual contact with I.H. This is true even if we consider only the events that occurred before appellant had sexual contact with I.H. And I.H. testified that she was afraid that appellant could harm her by hitting her "or something" and that she did not consent to appellant toughing her breasts. We, therefore, conclude that the evidence was sufficient to prove that appellant used circumstances that caused I.H. reasonably to fear that appellant would inflict bodily harm on I.H. to cause I.H. to submit to sexual contact against her will. Consequently, the district

court could reasonably conclude that appellant used coercion to accomplish the sexual contact and, therefore, was guilty of fourth-degree criminal sexual conduct.

**Affirmed.**