KIRK, Judge
Appellant challenges the disposition of his criminal case, arguing that the district court erred by entering a judgment of conviction on both the charged offense and the charged lesser-included offense, and that the district court abused its discretion by denying his motion for a downward dispositional departure. We affirm in part, reverse in part, and remand.
FACTS
On June 23, 2016, appellant Ohagi Charles Walker was charged with two counts of illegal possession of a firearm in violation of Minn. Stat. § 624.713, subd. 1(2) (Supp. 2015), with count 1 alleging possession in furtherance of gang activity, with reference to Minn. Stat. § 609.229, subd. 3(a) (2014). Both charges related to conduct alleged to have occurred on or between March 7, 2016, and May 4, 2016. On February 15, 2017, appellant pleaded guilty to both counts in a "straight plea" to the district court. The presumptive disposition was a commitment for 72 months, of which 60 months was the statutory-minimum sentence under Minn. Stat. § 609.11, subd. 5(b) (Supp. 2015), for the underlying firearm-possession conviction, with an additional 12 months added for possession in furtherance of gang-related activity under Minn. Sent. Guidelines 2.G.10 (Supp. 2015).
*466 See also Minn. Stat. § 609.229, subd. 4(a) (2014).
During his plea hearing, appellant admitted that he possessed a pistol in Hennepin County on or about March 7, 2016, so that he could benefit or further the efforts of a criminal gang, and that he understood at the time that he was prohibited from possessing firearms. The district court accepted appellant's plea and found him guilty on both counts.
At sentencing, appellant's attorney argued for a downward dispositional departure to probation because appellant accepted responsibility by pleading guilty and because appellant's letter to the district court demonstrated maturity, understanding, regret, and a hope to better himself in the future. Appellant's attorney also characterized these offenses as less serious than a typical gun-possession offense and noted that appellant has had a difficult past, but has supportive family members and friends.
The state argued for an executed 72-month sentence, arguing that there were not substantial and compelling reasons to depart and that appellant is not amenable to probation. To support its position, the state emphasized appellant's lengthy criminal history, past failure on probation, continued association with known gang members, and self-appointment as a leader of gang rivalry. The state noted its expectation that count 2 would "merge" and that appellant would only be sentenced on count 1.
The district court noted that it reviewed the presentence investigation, which recommended the 72-month executed sentence; a series of letters from appellant's friends and family members; and appellant's letter. The district court also heard statements from appellant, his mother, and his sister. The district court said that it could not find that appellant was particularly amenable to probation because he had not been successful on probation in the past. The district court concluded that there were not substantial and compelling circumstances to place appellant on probation, thereby denying appellant's request for a downward dispositional departure. The district court sentenced appellant to 72 months on count 1 and stated that "[c]ount 2 will merge with count 1."
The warrant of commitment filed by the district court reflected convictions on both counts, indicated the 72-month sentence for count 1, and indicated that the sentence for count 2 was "combined with count 1."
ISSUES
I. Did the district court err by entering a conviction on count 2?
II. Did the district court abuse its discretion by denying appellant's motion for a downward dispositional departure?
ANALYSIS
I. The district court erred by entering a conviction on count 2.
A defendant cannot be convicted of "one offense and a lesser-included offense on the basis of the same criminal act." State v. Lopez-Rios , 669 N.W.2d 603, 615 (Minn. 2003) ; see also Minn. Stat. § 609.04, subd. 1(4) (2016) (providing that a lesser-included offense includes "[a] crime necessarily proved if the crime charged were proved"). "In a crime committed for the benefit of a gang, the underlying crime is an included crime." Lopez-Rios , 669 N.W.2d at 615. Here, the warrant of commitment reflects that appellant was formally convicted of illegal possession of a firearm in furtherance of gang activity and of illegal possession of a firearm. See *467 Spann v. State , 740 N.W.2d 570, 573 (Minn. 2007) (noting that a written judgment of conviction provides "conclusive evidence of whether an offense has been formally adjudicated" (quoting State v. Pflepsen , 590 N.W.2d 759, 766 (Minn. 1999) ) ). The parties agree that the district court erred by entering a conviction on count 2 because illegal possession of a firearm is a lesser-included offense of illegal possession of a firearm in furtherance of gang activity.
Although the warrant of commitment indicates that a judgment of conviction was entered on both counts, it is unclear from the sentencing-hearing transcript if this is what the district court originally intended. The district court spoke of convictions or counts "merging" and of sentences "combining," but these terms do not describe dispositions recognized by the law, and they do not clearly indicate the disposition intended by the district court. When imposing sentence, the district court should clearly indicate the disposition for every charge. Spann , 740 N.W.2d at 573. A guilty plea or guilty verdict is not a conviction. Id. A "conviction" occurs when the district court both accepts and records a guilty plea or a guilty verdict. Minn. Stat. § 609.02, subd. 5 (2016) ; see also State v. Hoelzel , 639 N.W.2d 605, 609 (Minn. 2002). A court records a finding of guilt "when [the] court adjudicates [the] defendant guilty on the record." State v. Nodes , 863 N.W.2d 77, 81 (Minn. 2015).
The district court should also clearly indicate which offenses are being formally adjudicated and which offenses will remain unadjudicated in accordance with Minn. Stat. § 609.04, subd. 1 (2016), which prohibits convictions for both the charged crime and an included offense. See Pflepsen , 590 N.W.2d at 767 ; see also State v. LaTourelle , 343 N.W.2d 277, 284 (Minn. 1984) (stating that the proper procedure "when the defendant is convicted on more than one charge for the same act is for the court to adjudicate formally and impose sentence on one count only," and to leave the remaining count unadjudicated).
Next, the district court must clearly state which count, or counts, it is sentencing on, consistent with the prohibition against multiple sentences under Minn. Stat. § 609.035 (2016). The court must clearly indicate whether it is staying imposition of sentence, imposing a sentence but staying execution of the sentence, or imposing and executing the sentence, and whether the sentences are to run consecutively or concurrently. See Minn. Stat. §§ 609.135, .15 (2016).
Irrespective of the district court's intention in this case, it was an error to enter convictions on both counts as indicated in the warrant of commitment. Appellant argues that this court must remand to the district court to vacate his conviction on count 2. The state argues that, although the conviction on count 2 must be vacated, the district court's finding of guilt based on appellant's guilty plea must remain intact. See State v. Earl , 702 N.W.2d 711, 723-24 (Minn. 2005) (holding that underlying guilty verdict on lesser-included offense remained intact after adjudicated conviction was vacated and that the district court could later convict and sentence on that crime if primary conviction was vacated). In response, appellant asserts that he pleaded guilty only to count 1, and not to count 2, so there is no underlying finding of guilt to preserve. This claim is not supported by the record. As a "straight plea," appellant's guilty plea was to both counts, and the record shows that he pleaded "guilty" to both counts.
Appellant is entitled to have his conviction on count 2, illegal possession of a firearm, vacated; but he is not entitled to *468 have the underlying finding of guilt vacated. Accordingly, we reverse and remand to the district court with instructions to vacate the formal adjudication on count 2, but not the finding of guilt. See State v. Crockson , 854 N.W.2d 244, 248 (Minn. App. 2014) ("[W]e remand with instructions to the district court to vacate the formal adjudication of guilt ... and to leave the guilty verdict in place on that unadjudicated conviction."), review denied (Minn. Dec. 16, 2014). The correction of this error will not affect the sentence imposed by the district court because it did not impose a sentence for count 2.
II. The district court did not abuse its discretion by denying appellant's motion for a downward dispositional departure.
"We afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." State v. Soto , 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). "A sentencing court 'must pronounce a sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances' that distinguish a case and overcome the presumption in favor of the guidelines sentence." Id. at 308 (quoting Minn. Sent. Guidelines 2.D.1 (2012) ); State v. Best , 449 N.W.2d 426, 427 (Minn. 1989). "[T]he Guidelines state that when substantial and compelling circumstances are present, the judge 'may' depart." State v. Kindem , 313 N.W.2d 6, 7 (Minn. 1981). Substantial and compelling circumstances are those that make a case atypical. Taylor v. State , 670 N.W.2d 584, 589 (Minn. 2003). For a downward dispositional departure, a district court may consider both offender- and offense-related factors. State v. Behl , 573 N.W.2d 711, 713 (Minn. App. 1998) (citing State v. Chaklos , 528 N.W.2d 225, 228 (Minn. 1995) ). A departure is not mandatory, and an appellate court will reverse a sentencing court's refusal to depart only in a "rare" case. Kindem , 313 N.W.2d at 7.
Appellant argues that the district court abused its discretion when it denied his motion for a downward dispositional departure. Appellant asserts that he should have been placed on probation because he is only 20 years old, took responsibility for his offenses, cooperated with the investigation and court proceedings, has the support of friends and family members, and is amenable to probation as well as to mental-health and chemical-dependency treatment. Appellant also argues that his offense was less serious than the typical gun-possession offense.[1]
After reviewing the documents, arguments, and statements before it, the district court concluded that there were not compelling or substantial circumstances to support a downward dispositional departure, and that appellant was not particularly amenable to probation. The district court considered evidence of factors that could have supported a departure if they had been substantial or compelling, but concluded that a departure was not warranted. See State v. Trog , 323 N.W.2d 28, 31 (Minn. 1982) (noting that "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly [amenable] to individualized treatment in a probationary *469 setting"). The district court concluded that this case was not the rare or atypical case meriting departure after properly considering the circumstances. The district court did not abuse its discretion in denying appellant a downward dispositional departure.
DECISION
When entering disposition in a criminal case, the district court must accept and record the guilty plea or verdict, expressly enter formal adjudications on each appropriate count, and impose sentence specific to any counts receiving a sentence. Counts, convictions, or sentences cannot "merge" or "combine," and the district court should avoid using such unclear language during sentencing. Here, the district court erred by entering convictions on both counts, but it did not abuse its discretion in denying appellant a downward dispositional departure. Therefore, we affirm the district court's denial of a departure, but reverse and remand to the district court to vacate appellant's conviction on count 2, while leaving the finding of guilt intact, consistent with Earl , 702 N.W.2d at 723-24, and Crockson , 854 N.W.2d at 248.
Affirmed in part, reversed in part, and remanded.

Appellant also argues that the district court failed to consider whether he should have been granted a downward durational departure. Appellant did not seek a downward durational departure at the district court, and the issue is not properly before this court. See Roby v. State , 547 N.W.2d 354, 357 (Minn. 1996) ("[Appellate] court[s] generally will not decide issues which were not raised before the district court....").