*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0167**

State of Minnesota,
Respondent,

vs.

Catherine Ann Skavlem-Short,
Appellant.

**Filed November 13, 2023**
**Affirmed**
**Worke, Judge**

Polk County District Court
File No. 60-CR-20-1252

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Assistant Polk County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael McLaughlin, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bryan, Presiding Judge; Worke, Judge; and Ross, Judge.

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

In this direct appeal from the judgment of conviction for felony first-degree driving while impaired (DWI), appellant argues that the district court abused its discretion by denying her motion for a downward dispositional sentencing departure. We affirm.

**FACTS**

Respondent State of Minnesota charged appellant Catherine Ann Skavlem-Short with first-degree DWI in violation of Minnesota Statutes section 169A.20, subdivision 1(5) (2020), based on allegations that on July 30, 2020, she drove her car with an alcohol concentration of 0.17. She entered a guilty plea to the charge with no agreement as to sentencing.

Skavlem-Short filed a motion for a downward dispositional departure. She argued that she was particularly amenable to probation based on her long history of sobriety and her participation and work in the chemical-dependency field. She also argued that she was particularly unamenable to incarceration due to her medical conditions.

The district court conducted a sentencing hearing in November 2022. Skavlem-Short's attorney explained that Skavlem-Short's medical condition had worsened and that she will require more frequent treatments going forward. She further argued that for the past two and a half years, Skavlem-Short has had frequent breathalyzer monitoring and has not had a positive test. Skavlem-Short also completed a chemical-dependency assessment, which indicated that she was a low risk and did not need any specific treatment setting.

The state opposed the motion and advocated for a top-of-the-box sentence of 72 months. *See* Minn. Sent'g Guidelines 4.A (2020). The state argued that there was nothing in the record from a medical professional indicating that Skavlem-Short cannot be incarcerated with her medical conditions. It stated that this was her fourth felony DWI since 2007 and her seventh DWI since 2003. The state noted that Skavlem-Short "was

2

more than twice the legal limit here" and she tried to drive away twice and physically resisted the officer's attempt to remove the key. The state argued that "when someone's driving all the way from Fargo . . . to Lake Park and then up to Crookston and doesn't even know where they are, they're placing lots of people at risk." It contended that Skavlem-Short is a "very high risk" to public safety. It further argued that because the sentencing guidelines indicate a presumptive commit for a second felony DWI, "when you're on your fourth . . . felony DWI, and your seventh one in 19 years . . . that the [c]ourt should not only impose what the guidelines presume . . . but that you should go to the top of the box." Finally, the state argued that "[i]t isn't a chemical dependency issue, as apparently the [chemical dependency assessment] points out" and that this was a "bad decision issue."

The district court then heard from Skavlem-Short, who testified to her remorse and health problems, and from her sister, who spoke about supporting Skavlem-Short. The district court stated that it had reviewed the presentence investigation report (PSI), the sentencing worksheet, and the dispositional-departure motion and the accompanying submissions. It recognized that "these are certainly difficult decisions for the [c]ourt to make." The district court denied the motion for a downward dispositional departure, stating:

> I'm certainly not minimizing the struggles of Ms. Skavlem-Short with alcohol or her medical issues. And I'm certainly pleased to hear that she's not the same person that did this offense. However, when we get to the point of having four felony DWI's, it doesn't leave the [c]ourt with much discretion in terms of sentencing, nor should it. There certainly are

3

> significant community safety issues that were involved in this offense.
>
> And . . . I'm not minimizing the struggles, I'm not minimizing the medical, but the fourth felony DWI for someone who at least says that they don't need treatment, and I'm not arguing with the fact that you don't need treatment, but there again, it's a fourth felony DWI in this circumstance.
>
> The range of sentence I'm certainly not going to find that you're amenable to probation, Ms. Skavlem-Short, with that fourth felony DWI.

It then recognized that the state's argument for a top-of-the-box sentence of 72 months was reasonable for a fourth felony DWI but that the PSI recommended a bottom-of-the-box sentence of 51 months. The district court further noted that Skavlem-Short had taken responsibility, and that it took "into consideration [her] struggles and issues with medical care," when it sentenced her to a bottom-of-the-box sentence of 51 months in prison. This appeal followed.

## DECISION

Skavlem-Short argues that the district court abused its discretion by denying her request for a downward dispositional departure. She requests this court reverse her sentence and impose a probationary sentence or, in the alternative, reverse and remand for resentencing.

The Minnesota Sentencing Guidelines establish presumptive sentences to "maintain uniformity, proportionality, rationality, and predictability in sentencing." Minn. Stat. § 244.09, subd. 5 (2020). A sentencing court "must pronounce a sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances"

that distinguish a case and overcome the presumption in favor of the guidelines sentence. *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (quotation omitted); Minn. Sent'g Guidelines 2.D.1 cmt. 2.D.103 (2020). Accordingly, a district court may depart from the sentencing guidelines "only if aggravating or mitigating circumstances are present, and those circumstances provide a substantial and compelling reason not to impose a guidelines sentence." *Soto*, 855 N.W.2d at 308 (emphasis omitted) (quotations and citations omitted); Minn. Sent'g Guidelines 2.D.1 (2020). But even if substantial and compelling circumstances are present, a district court is not required to depart from the guidelines. Minn. Sent'g Guidelines 2.D.1; *State v. Walker*, 913 N.W.2d 463, 468 (Minn. App. 2018); *see, e.g.*, *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984).

A downward dispositional departure is generally based on characteristics of the defendant showing that the defendant is particularly amenable to probation. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016). Particular amenability to probation may constitute a substantial and compelling reason for a downward dispositional departure. *Id*. The supreme court has recognized that several factors may be relevant to a district court's determination of whether a defendant is particularly amenable to probation, "including the defendant's age, h[er] prior record, h[er] remorse, h[er] cooperation, h[er] attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). These factors are commonly known as the *Trog* factors. *See State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011).

District courts are afforded a great deal of discretion in the imposition of sentences, and appellate courts review for an abuse of that discretion. *Soto*, 855 N.W.2d at 307-08.

A "reviewing court may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *Pegel*, 795 N.W.2d at 255 (quotation omitted). Thus, we will reverse the district court's refusal to depart from a presumptive sentence only in a "rare" case. *Id.* at 253.

Skavlem-Short's argument has two parts. First, she argues that the district court abused its discretion by not exercising its discretion in denying her request for a dispositional departure. She contends that the district court failed to consider the factors in favor of departure and instead focused on the fact that this offense was her fourth felony DWI since 2007 and her seventh DWI since 2003. She relies on this court's opinion in *State v. Curtiss* in which we remanded for reconsideration after concluding that the district court had not considered all relevant mitigating factors. 353 N.W.2d 262, 263-64 (Minn. App. 1984).

This case is distinguished from *Curtiss*. In *Curtiss*, we remanded for reconsideration after determining that the district court had "abandoned" the possibility of a downward dispositional departure without "comparing reasons for and against." *Id*. There, this court concluded that an exercise of discretion had not occurred. *Id*. at 264; *see also State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002) (remanding for resentencing where the district court did not appear to exercise any discretion in denying a departure motion), *rev. denied* (Minn. Apr. 16, 2002). In contrast, here, the district court considered all of the arguments and facts that were raised both for and against a departure. *See Curtiss*, 353 N.W.2d at 264 (explaining that if the district court has discretion to depart

6

from a presumptive sentence, it must exercise that discretion by deliberately considering circumstances for and against departure).

Contrary to her contentions, the district court expressly discussed the factors Skavlem-Short raised, including her medical issues, her sobriety and treatment options, her remorse, and her criminal history. In fact, the district court expressly recognized Skavlem-Short's "struggles and issues with medical care" when it imposed a bottom-of-the box sentence of 51 months, despite the state's request for a top-of-the-box sentence of 72 months. Minn. Sent'g Guidelines 4.A. Thus, the record shows that the district court did consider the mitigating factors that might support a departure but determined that they did not provide substantial and compelling reasons for a departure.

Second, Skavlem-Short contends that the district court's statement that her criminal history "doesn't leave the [c]ourt with much discretion in terms of sentencing" indicates that the district court believed it lacked the discretion to grant a departure in this case. Thus, she argues that the district court abused its discretion by basing its decision on the incorrect premise that a departure was not permissible in this case.

In response, the state argues that the district court understood that it had discretion in considering the arguments and evidence for and against departure, and ultimately, whether to grant or deny a departure. We agree. Before imposing her sentence, the district court recognized Skavlem-Short's struggle with alcohol, her medical issues, that she had taken responsibility, and that she is not "the same person that did this offense." Thus, the record shows that the district court carefully weighed the factors in favor of and against departure, and even stated that this was a "difficult decision[]." We recognize that the

7

district court did make frequent reference to her criminal history. However, the record shows that these references do not indicate that the district court felt that it did not have the necessary discretion to depart. Instead, we interpret the district court's discussion of Skavlem-Short's criminal history as a reflection of its level of concern regarding this factor. Moreover, we also note that the district court's discussion of this factor was not only proper, but was in fact necessary in order to respond to the main argument raised by the state against departure because the district court must consider the arguments raised both for and against departure. *Curtiss*, 353 N.W.2d at 264.

In sum, the district court did not err by determining that Skavlem-Short is not particularly amenable to probation and did not abuse its discretion by imposing a presumptive executed sentence.

**Affirmed.**