*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1525**

State of Minnesota,
Respondent,

vs.

Jill Marie Zetterwall,
Appellant.

**Filed June 10, 2024**
**Affirmed**
**Frisch, Judge**

Hennepin County District Court
File No. 27-CR-22-15379

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Nicole Cornale, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Bruce Rivers, Rivers Law Firm, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Frisch, Presiding Judge; Larkin, Judge; and Bratvold, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Judge

Following her conviction of criminal vehicular homicide, appellant argues that the district court abused its discretion in denying her motion for a downward dispositional

sentencing departure. Because we discern no abuse of discretion by the district court in imposing the presumptive sentence, we affirm.

## FACTS

In July 2022, appellant Jill Marie Zetterwall caused a collision between her SUV and a smaller vehicle while she was driving with an alcohol concentration of at least 0.225. As a result, the driver of the smaller car died at the collision site from blunt-force injuries. Respondent State of Minnesota charged Zetterwall with criminal vehicular homicide—operating a vehicle with negligence while under the influence of alcohol—pursuant to Minn. Stat. § 609.2112, subd. 1(a)(2)(i) (2020). Zetterwall pleaded guilty to the charge and moved for a downward dispositional sentencing departure.

Zetterwall emphasized in her departure motion that she had been sober since the collision—420 days—and that she had been consistently engaged in treatment efforts to address both mental-health and substance-abuse issues throughout that time. Zetterwall noted her substantial family and social support, lack of criminal history, compliance with the terms of her supervised release, cooperation and truthfulness throughout the proceedings, and remorse for causing the victim's death. Zetterwall also submitted evidence of her health conditions, arguing that these circumstances weighed against her incarceration.

The district court denied Zetterwall's motion and sentenced her to 57 months' imprisonment, followed by a conditional-release period of five years. Zetterwall appeals.

**DECISION**

The Minnesota Sentencing Guidelines "prescrib[e] a sentence or range of sentences that is presumed to be appropriate." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (quotation omitted). A district court has great discretion when making sentencing decisions, and we will reverse those decisions only when the district court abuses that discretion. *Id.* at 307-08. A sentence imposed in accordance with the guidelines is presumed to be appropriate. Minn. Sent'g Guidelines 2.D.1 (Supp. 2021). "We will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Sept. 17, 2013).

If presented with "identifiable, substantial, and compelling circumstances," a district court may depart from the presumptive guidelines sentence. *Id.*; *see also* Minn. Sent'g Guidelines 2.D.1 (stating that a court may depart from the guidelines sentence if "there exist identifiable, substantial, and compelling circumstances to support a departure"). But a district court may choose not to depart without abusing its sentencing discretion even if it determines that factors exist that might support a sentencing departure. *See State v. Walker*, 913 N.W.2d 463, 468-69 (Minn. App. 2018) (concluding that a district court did not abuse its discretion by denying a defendant's motion for a dispositional departure despite "evidence of factors that could have supported a departure if they had been substantial or compelling"). We reverse a sentencing court's refusal to depart only in "rare" cases. *Id.* at 468 (quoting *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981)).

In evaluating a motion for a downward dispositional departure from the presumptive guidelines sentence, a district court considers whether the defendant is "particularly amenable to individualized treatment in a probationary setting." *State v. Wright*, 310 N.W.2d 461, 462 (Minn. 1981). In evaluating a defendant's particular amenability to probation, a district court may consider factors including the defendant's age, prior record, remorse, cooperation, attitude while in court, and support of friends and family. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). These are known as the *Trog* factors. *See State v. Pegel*, 795 N.W.2d 251, 252-54 (Minn. App. 2011).

Zetterwall argues that the district court abused its sentencing discretion by (1) not properly considering the evidence in support of her departure motion, (2) not considering or making findings as to each of the *Trog* factors, and (3) improperly and unfairly cross-examining Zetterwall during her sentencing hearing. Our review of the record shows that the district court did not abuse its sentencing discretion.

First, at the sentencing hearing, the district court evaluated the evidence presented by Zetterwall in support of her departure motion and considered that evidence in light of the entire record. The district court stated that it reviewed memoranda, exhibits, character reference letters, and the presentence investigation report (PSI). The district court specifically recognized and commended Zetterwall on her recent success in treatment and acknowledged the support of her family and friends. But the district court also noted concerns about Zetterwall's long-term conduct related to treatment and sobriety and determined that this history weighed against a finding of particular amenability to treatment

in a probationary setting. We therefore reject Zetterwall's contention that the district court failed to consider the evidence in favor of a dispositional departure.

Zetterwall next argues that the district court abused its discretion because it did not expressly make findings on each of the *Trog* factors. It is true that the district court did not reference Zetterwall's age, prior criminal record, remorse, cooperation, attitude toward the court, or vulnerability due to health concerns, despite evidence in the record regarding each of these factors. But a district court need not expressly acknowledge or make findings on each *Trog* factor in considering a departure motion. *Pegel*, 795 N.W.2d at 254; *see also Johnson*, 831 N.W.2d at 926 (noting that a district court is not required to state for the record its reasons for denying a motion for dispositional departure). And a district court does not abuse its discretion even where the record contains some record evidence showing particular amenability to probation. *See State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006).

Finally, Zetterwall argues that the district court abused its discretion by questioning her during the sentencing hearing about certain of the Twelve Steps recited at Alcoholics Anonymous (A.A.) meetings. In support of her departure motion, Zetterwall emphasized that she was committed to her sobriety and had attended A.A. meetings at least five days per week for over one year. During the sentencing hearing, the district court judge asked Zetterwall to state the first two of the A.A. Twelve Steps.[1] In her responses, Zetterwall did

---

[1] At oral argument, counsel for Zetterwall asserted that the district court judge used an intimidating tone or volume in asking these questions, which caused Zetterwall to provide flustered responses. On appeal, we cannot discern the district court's tone, because our review is limited to the transcript of hearings held in district court and other record

not recite the first two steps but instead offered a different description of the first two steps. The district court judge noted that the A.A. Twelve Steps should be "almost a mantra" for someone who had been attending meetings five days a week. The district court ultimately concluded that Zetterwall was not "truly engaged" in treatment and was therefore not particularly amenable to probation.

We discern no abuse of discretion by the district court in its conduct during the sentencing hearing. A district court is not limited to the *Trog* factors in evaluating whether a defendant is particularly amenable to treatment in a probationary setting. *See Soto*, 855 N.W.2d at 310 (stating that the *Trog* factors provide a "useful framework" but "are not the only factors that can bear on a defendant's amenability to probation"). The questions posed by the district court enabled it to assess Zetterwall's amenability to treatment in a probationary setting. And given that Zetterwall did not contest the evidence in the record showing her history of disengagement with and otherwise unsuccessful treatment, the district court had a reasoned basis for its inquiry. We therefore conclude that the district court did not abuse its discretion by questioning Zetterwall about the Twelve Steps during the sentencing hearing.

We recognize Zetterwall's efforts in the year between the offense and sentencing and commend her commitment to sobriety. But on this record, we conclude that the district court evaluated all available evidence and did not abuse its broad discretion by imposing a presumptively appropriate sentence under the sentencing guidelines. This case does not

---

evidence. We also note that the sentencing transcript does not reflect any objection to the district court's questions.

6

present the rare circumstances that would justify overturning a district court's denial of a

motion for dispositional sentencing departure.

**Affirmed.**