*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0692**

State of Minnesota,
Appellant,

vs.

Richard Harold Stone,
Respondent.

**Filed January 5, 2026**
**Reversed and remanded**
**Wheelock, Judge**

Redwood County District Court
File No. 64-CR-24-699

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Shannon M. Ness, Redwood County Attorney, Redwood Falls, Minnesota; and

Travis J. Smith, Special Assistant County Attorney, Slayton, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Eva F. Wailes, Assistant Public
Defender, St. Paul, Minnesota (for respondent)

        Considered and decided by Larkin, Presiding Judge; Reyes, Judge; and Wheelock,

Judge.

**NONPRECEDENTIAL OPINION**

**WHEELOCK**, Judge

        Appellant State of Minnesota challenges the district court's grant of a downward

dispositional departure, arguing that the district court erred in granting the departure

because respondent failed to demonstrate that he was particularly amenable to probation. We reverse and remand for further proceedings.

## FACTS

In August 2024, a Redwood County police officer responded to a report from a woman that her boyfriend, respondent Richard Harold Stone, refused to leave her house after making threatening statements that left her fearing for her safety. She reported that Stone had strangled her the night prior, showing the officer the resulting marks on her neck. She also reported that she believed Stone recently had been using drugs. The state charged Stone with one count of felony domestic assault by strangulation in violation of Minn. Stat. § 609.2247, subd. 2 (2024), and one count of gross-misdemeanor domestic assault in violation of Minn. Stat § 609.2242, subd. 2 (2024). Stone pleaded guilty in a *Norgaard* plea[1] in December 2024, and the district court ordered a presentence-investigation report (PSI).

Stone's PSI indicated that he had a significant criminal history with multiple felony convictions, including for first-degree assault, terroristic threats, two violations of orders for protection (OFP), and two domestic-assault offenses. The PSI further revealed that Stone was on probation for a gross-misdemeanor domestic-assault conviction at the time this incident occurred. Stone reported that he did not remember the incident because he had been "using meth heavy" and further related that he had been using methamphetamine

---

[1] In a *Norgaard* plea, a defendant may plead guilty despite claiming memory loss at the time of the offense due to intoxication or amnesia. *See State v. Ecker*, 524 N.W.2d 712, 716-17 (Minn. 1994); *State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867, 872 (Minn. 1961).

for the past two years.  The district court also received a victim-impact statement in which Stone's girlfriend stated that she believed most of Stone's problems were attributable to his drug use and that she did not want him to go to prison.

The PSI recommended that Stone receive a 24-month executed prison sentence, the midpoint of a presumptive sentencing range under the sentencing guidelines of 21 to 28 months in prison.  Stone moved for a downward dispositional departure on the basis that he was particularly amenable to probation, asserting that he was a productive member of society, had completed 16 hours of a domestic-violence class, and was remorseful about his actions.

At the sentencing hearing, Stone recounted his struggles with methamphetamine addiction and apologized to the victim.  After Stone's remarks at the hearing, the district court granted the motion for a downward dispositional departure.  The district court addressed the factors identified in *State v. Trog* as relevant to its determination of whether Stone was "particularly suitable for individualized treatment in the probation setting." 323 N.W.2d 28, 31 (Minn. 1982).  These factors include the defendant's age, prior record, remorse, cooperation, attitude while in court, and the support of friends and family.  *Id.* (*Trog* factors).  The district court found that, notwithstanding Stone's multiple convictions, the "prior record" factor weighed in favor of a dispositional departure because his last felony conviction was over ten years ago.  The district court also noted that the victim's letter supported a departure and requested help with Stone's addiction. Further, the district court mentioned Stone's completion of part of a domestic-violence course and his

3

willingness to pursue treatment for his methamphetamine addiction. Finally, the district court found that Stone showed remorse at the sentencing hearing.

The district court stayed execution of the felony sentence and placed Stone on supervised probation for five years. On a form departure report, the district court indicated the reasons for the downward departure by checking the boxes for "amenable to probation"; "amenable to treatment [for chemical dependency]"; "ensure compliance w/ probation or allow longer supervision"; and "shows remorse/accepts responsibility."

The state appeals.

## DECISION

A downward dispositional departure is permitted when there are "substantial and compelling circumstances" that warrant departure. *State v. Soto*, 855 N.W.2d 303, 309 (Minn. 2014). "[A] defendant's particular amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of execution of a presumptively executed sentence." *Trog*, 323 N.W.2d at 31. In assessing whether a defendant is particularly amenable to probation, courts consider various factors, including the *Trog* factors noted above. *Id.* The state argues that mere amenability to probation is insufficient to justify a downward dispositional departure; rather, a defendant must be *particularly* amenable to probation. *See Soto*, 855 N.W.2d at 309. Accordingly, the state contends that the district court's findings were insufficient for it to conclude that Stone was particularly amenable to probation. For the reasons below, we agree.

4

**I.** **The district court abused its discretion in granting the dispositional departure because the facts on which it relied did not support a finding of particular amenability to probation.**

We review the district court's grant of a downward dispositional departure for an abuse of discretion. *State v. Walker*, 913 N.W.2d 463, 468 (Minn. App. 2018). "[A] departure is an abuse of discretion if the court's reasons are improper or insufficient and there is insufficient evidence of record to justify the departure." *Soto*, 855 N.W.2d at 308 (quotations omitted). In *Soto*, the supreme court articulated the standard for when a finding of particular amenability is appropriate, noting the distinction between mere amenability to probation and particular amenability to probation:

> "Particular" means "exceptional" or "[d]istinctive among others of the same group," and "particularly" means "especially" or "specifically." By requiring a defendant to be *particularly* amenable to probation, therefore, we ensure that the defendant's amenability to probation distinguishes the defendant from most others and truly presents the "substantial[] and compelling circumstances" that are necessary to justify a departure.

*Id.* at 309 (citation omitted). Consequently, the supreme court in *Soto* concluded that the district court abused its discretion there because its findings did not reflect this distinction and it was required to find the defendant particularly amenable to probation, not just amenable. *Id.* at 313.

We likewise conclude that the district court abused its discretion here. When weighing the *Trog* factors, the district court noted that the prior-record factor weighs in favor of granting a departure because Stone's last felony conviction was over ten years ago; that it considered the victim-impact statement, which contained "a plea in there for

5

help with Mr. Stone's addiction and the role addiction played in this incident"; that Stone had completed part of a domestic-violence course; and that Stone had displayed remorse by pleading guilty and in his statements to the district court.[2] But the district court did not at all explain why these facts distinguish Stone from most other defendants such that he is particularly amenable to probation. And some of the facts upon which the district court relied do not support *any* finding of amenability.

Most notably, we fail to see how the prior-record factor supports a finding of particular amenability here. Stone's criminal history is extensive, especially as to offenses related to domestic violence. In fact, *Stone was on probation for a gross-misdemeanor domestic-violence conviction when he committed the underlying offense in this case*, a crucial detail that the district court failed to address altogether. That his last *felony* conviction was ten years old is insufficient to support a finding of particular amenability. Indeed, we have noted that a prior record that contains even 20-year-old felonies does not weigh in favor of finding particular amenability. *See State v. Haskins*, No. A22-1804, 2023 WL 3806466, at *3 (Minn. App. June 5, 2023) ("[N]o precedential appellate decision we are aware of stands for the proposition that having old felonies with 'minimal' subsequent offenses generally suggests particular amenability to probation."), *rev. denied*

---

[2] The district court did not state which *Trog* factors it was considering other than the prior-record and remorse factors.

(Minn. Sept. 27, 2023).[3] The prior-record factor does not weigh in favor of finding Stone particularly amenable to probation.

The other facts the district court cites also do not support its finding. The district court's discussion of Stone's remorse is limited to its observation that, "by pleading guilty he has taken responsibility, and statements here do not negate his responsibility for the offenses in which he's taken responsibility." But the supreme court in *Soto* stated that the presence of a guilty plea alone does not signify particular amenability to probation. 855 N.W.2d at 312. Next, the district court's recognition of "the role addiction played in this incident" does not provide a basis for a departure as it does not mean Stone is particularly amenable to treatment for addiction. The record does not indicate that Stone underwent an updated chemical-dependency evaluation or engaged in treatment programming to address his drug use after committing the underlying offense in this case. And notwithstanding that the district court checked the box for "amenable to treatment" as a reason for the downward departure, the record shows that the district court did not impose requirements that Stone complete an updated chemical-dependency evaluation and comply with any recommendations or that he complete chemical-use treatment when it granted the departure here and ordered more probation. Finally, while it appears that the district court credited Stone for completing *part* of a domestic-violence course, a mere "willingness to work on . . . issues" does not "rise to the level of identifiable, substantial, and compelling

---

[3] We may consider nonprecedential decisions of this court for their persuasive value. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c).

circumstances different from those that would be present in a typical case." *State v. Johnson*, 831 N.W.2d 917, 926 (Minn. App. 2013), *rev. denied* (Minn. Sept. 17, 2013).

In short, the district court abused its discretion because the reasons it provided were insufficient. It did not articulate any adequate basis to distinguish Stone from other defendants when it found him particularly amenable to probation, and thus, it did not explain how the "substantial and compelling circumstances" necessary to support a departure from the sentencing guidelines existed. *Soto*, 855 N.W.2d at 313 (quotation omitted). We therefore reverse the district court's grant of a downward dispositional departure and remand to the district court for further proceedings consistent with this opinion.

**Reversed and remanded.**